# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SPENCER NEAL,

        Plaintiff,

        v.

        Civil Action 2:18-cv-629
        Judge George C. Smith
        Magistrate Judge Jolson

HREET HOSPITALITY, LLC,

        Defendant.

## REPORT AND RECOMMENDATION

On June 27, 2018, Plaintiff filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 2). In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Id.* at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself and his dependents, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In Plaintiff's affidavit, he explains that he is not employed, although this month he received payment from a law firm for filing court documents. (Doc. 2 at 2). Plaintiff also

receives $1,189.00 per month in disability payments and has $3000.00 in cash on hand or in a bank account. (*Id*. at 2–3). Plaintiff owns his car but has a monthly car insurance payment of $249.00. (*Id*. at 3). Plaintiff's only other listed expense consists of credit card payments that total $360.00 per month. (*Id*.).

Based on the information Plaintiff provided in his affidavit, it appears that he has access to sufficient assets such that paying the one-time filing fee of $400.00 would not impose an undue hardship upon him. With $3,000.00 available to him and limited expenses, it appears that paying the filing fee would not cause Plaintiff to deprive himself the necessities of life. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* be **DENIED**. (Doc. 2).

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: June 28, 2018                                      /s/ Kimberly A. Jolson
                                                                 KIMBERLY A. JOLSON
                                                                 UNITED STATES MAGISTRATE JUDGE